NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AMALIA CARRILLO MARTINEZ;
ALEJANDRO COVARRUBIAS JACOBO;
MARICELA COVARRUBIAS CARRILLO;
ALONSO VASQUEZ COVARRUBIAS;

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-3397

Agency Nos. A205-253-143
A205-253-144
A205-253-147
A205-253-148

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 11, 2024**
Phoenix, Arizona

Before: RAWLINSON and COLLINS, Circuit Judges, and FITZWATER,***
District Judge.

Petitioners Maricela Covarrubias Carrillo; her adult parents, Alejandro

Covarrubias Jacobo and Amalia Carrillo Martinez; and her minor son, Alonso

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without
oral argument.  See FED. R. APP. P. 34(a)(2)(C).

*** The Honorable Sidney A. Fitzwater, United States District Judge for the
Northern District of Texas, sitting by designation.

Vasquez Covarrubias,[1] who are all citizens of Mexico, petition for review of a decision by the Board of Immigration Appeals ("BIA") dismissing their appeal from a decision of an Immigration Judge ("IJ") denying their requests for asylum and withholding of removal.[2] We have jurisdiction under § 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252. We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). Under the latter standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny the petition.

A "nexus" between past or feared harm "and a protected ground is a necessary element of asylum and withholding of removal." *Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023). Here, the only protected ground

[1] We note parenthetically that, in identifying the relationships among the Petitioners, the BIA's decision mixes up the "A" numbers assigned to the four Petitioners, erroneously suggesting that Covarrubias Carrillo has the lowest A number of the four, when in fact her mother does.

[2] Covarrubias Carrillo and her parents filed separate applications for relief that were based on a common set of facts. Her son did not file a separate application and is only a derivative beneficiary of his mother's application for asylum. *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005) (stating that, unlike asylum, withholding of removal and relief under the Convention Against Torture "may not be derivative"). The BIA held that Petitioners failed to challenge the IJ's denial of relief under the Convention Against Torture, and Petitioners have not contested that determination in this court.

asserted by Petitioners before the BIA is that they are members of the proposed particular social group of "family members of police officers and former military officers in Mexico who were involved in helping the government prosecute drug cartels." The BIA upheld the IJ's determinations that Petitioners had failed to show either that this proposed particular social group was socially distinct or that it was sufficiently particular. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 833 (9th Cir. 2022) ("An applicant who requests asylum or withholding of removal based on membership in a particular social group must establish that the group is: '(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" (citation omitted)).

In challenging the BIA's holding with respect to social distinction, Petitioners' brief in this court relies solely on the contention that Ninth Circuit precedent does not require them to present "record evidence of 'social distinction'" for Petitioners' family-based social group. That contention is wrong. A family-based group is not "automatically a particular social group," and such a group still must be shown to be "socially distinct within the society in question." *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1025 n.6 (9th Cir. 2023) (simplified); *see also id*. at 1016–17 (upholding the agency's rejection, as not socially distinct, of the proposed social group of "Guatemalan families that lack an immediate

3

family male protector").  Petitioners also suggest that, to the extent that their proposed particular social group was deficient, it could be "easily refined" into a more suitable proposed group.  Petitioners' proposed alternative social group was not raised before the BIA, and we decline to consider this unexhausted contention.  *See Umana-Escobar*, 69 F.4th at 550 (holding that exhaustion, even though not jurisdictional, is a mandatory "claim-processing rule" that must be enforced when properly raised).

Because we uphold the agency's determination that Petitioners' proposed particular social group had not been shown to be socially distinct, Petitioners thereby failed to establish the "protected ground" needed to sustain their claims for asylum and withholding of removal.  *See Umana-Escobar*, 69 F.4th at 551.  On that basis, we uphold the agency's rejection of their claims for relief, and we need not address the additional grounds given by the BIA for denying relief.

**PETITION DENIED.**